United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kimberly Hounchell, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21346-Civ-Scola |
| State of Florida Department of Corrections, and others, Defendants. | ) ) ) ) |

### Order

This matter is before the Court on Defendant Daneisah Sims's motion to dismiss (Mot. Dismiss, ECF No. 12) and Plaintiff Kimberly Hounchell's motion for leave to amend her complaint (Mot. Leave Am., ECF No. 13). The Plaintiff responded to the motion to dismiss as part of her motion for leave to amend. (Mot. Leave Am.) The Defendant has replied in support of her motion, in which she also responded to the Plaintiff's motion. (Reply, ECF No. 19.) The Plaintiff has not replied in support of her motion for leave to amend, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiff's motion for leave to amend (**ECF No. 13**) and therefore **denies as moot** the Defendant's motion to dismiss. (**ECF No. 12**.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint more than twenty-one days after the defendant has served a responsive pleading or a motion to dismiss may do so only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984).

The Plaintiff now seeks leave to amend her complaint in response to the deficiencies identified in Defendant Sims's motion to dismiss, and to assert her claims only against Defendant Sims. (Mot. Leave Am. ¶¶ 1-2; Prop. Am. Compl., ECF No. 13-1.) Defendant Sims responds that the complaint should be dismissed with leave to amend, and that the proposed amended complaint is futile. (Reply at 2-3.) More specifically, Defendant Sims argues that the proposed amended complaint pleads only conclusory allegations and fails to plead facts sufficient to support a claim for relief under 42 U.S.C. § 1983. (*Id.* at 3-7.)

First, dismissal with leave to amend would be inappropriate here, where the Plaintiff has provided a proposed amended complaint and attached it to her

motion for leave to amend, in compliance with the Local Rules. S.D. Fla. L.R. 15.1.

Second, the Court cannot say that the proposed amended complaint is clearly insufficient or frivolous, so it does not find it to be futile. *Van Cleve v. Ross*, No. 20-23611-CIV, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) (Scola, J.) ("Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.") (cleaned up). The Plaintiff supports her allegations against Defendant Sims with specific facts detailing serious accusations of abuse by Sims in Sims's role as a correctional officer at the Plaintiff's correctional institution. (*See, e.g.,* Prop. Am. Compl. ¶¶ 16-24.) The seriousness of the alleged misconduct by Defendant Sims clearly meets the "obduracy and wantonness" requirements for deliberate indifference that the Defendant argues must apply here. (Resp. at 4.) The pleadings also clearly demonstrate conduct that, if proven true, "all reasonable government actors in the defendant's place would know . . . violated federal law." (*Id.* at 5.)

Therefore, the Court **grants** Plaintiff's motion for leave to amend. (**ECF No. 13**.) The Plaintiff shall file her amended complaint (ECF No. 13-1) as a separate docket entry no later than **July 11, 2023**. The Defendant shall file a response to the amended complaint no later than **July 25, 2023**. Finally, the Defendant's motion to dismiss is **denied as moot**. (**ECF No. 12**.)

**Done and ordered** in Miami, Florida, on July 6, 2023.

_____
Robert N. Scola, Jr.
United States District Judge